JOHN B. KNAUER v. JAMES G. MORROW.

PRACTICE; *Pleading; Absent Witness; Continuance; Error.* In an action for malicious prosecution, where the defendant admitted in his answer, substantially, the whole of the plaintiff's case, except that he alleged that the prosecution, supposed to be malicious, was commenced by the defendant by the advice of counsel, and was with probable cause, and not malicious, and on the day of the trial the defendant, with the permission of the court, struck out of his answer all these admissions, leaving in his answer nothing except a general denial, which put in issue all the allegations of the plaintiff's petition, and the parties then went to trial, the plaintiff relying upon the attendance of a witness who was near where the trial was had, the trial being held in Atchison city and the witness being just across the river in the state of Missouri, and this witness had previously, but irregularly, been subpenaed in Missouri, to attend said trial, and had also promised to do so, and he again, during the progress of the trial, promised to attend, but did not in fact attend, and when it was ascertained that he would not attend the plaintiff made an application for a continuance, on account of the absence of said witness, and the plaintiff filed an affidavit setting up the foregoing facts and other necessary facts, and what he expected to prove by the witness, and the court overruled said application for a continuance, *held*, error; that ordinarily a party is not justified in relying upon a service of a subpena made outside of the state, when the subpena was issued in the state, or upon the mere promise of a witness to attend the trial, but, under the circumstances of this case, where the issues upon which the trial was had were made up on the day of the trial, (the issues being changed from what they had previously been, against the wishes of the plaintiff,) the plaintiff might very properly rely upon such a service and such a promise.

### *Error from Atchison District Court.*

ACTION brought by *Knauer* against *Morrow*, to recover damages for malicious prosecution and imprisonment, at the instance of said defendant, before E. C. Wells, a justice of the peace in Winthrop, Buchanan county, Missouri, and in the circuit court of said county. Trial at the March Term, 1877, of the district court, and judgment for the defendant. The plaintiff brings the case here. The opinion contains a sufficient statement of the facts.

*W. R. Smith,* and *Greenlee & Jackson,* for plaintiff in error. *Everest & Waggener,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: It would seem from the record of this case as brought to this court, that the plaintiff below, who is now plaintiff in error, could not have had an exceedingly fair trial in the court below; and this want of fairness seems to have arisen from a variety of causes, such as mismanagement on the part of plaintiff's counsel, misconduct on the part of the defendant, misconduct on the part of a certain witness who failed and refused to attend the trial, and errors of law, which seem to have moulded and shaped the rulings of the court below to the prejudice of the plaintiff in this case. The record as brought to this court is in an extremely bad condition. It was intended to be a case-made for the supreme court, and for the purposes of the case the defendant has consented that it may be considered as such, although in fact it has not been properly attested or properly authenticated. But, considering it as a duly attested and authenticated "case-made" for the supreme court, still it is very informal and defective. From the number of amendments which were made to it at the time it was settled and signed, from the number of things which were stricken out of it, or modified, and from the number of omissions supplied, it would seem that it was prepared by some person wholly un-

familiar with the proceedings in the case as they actually transpired therein. We shall not, however, comment any further upon this record, nor shall we comment to any great extent upon the facts that may be shown by it, for fear the record does not state the facts correctly, and for fear we might do injustice to some person. It may certainly be doubted whether the record shows the true facts as they actually occurred. We shall, however, decide the case as best we can upon the record as it is presented to us.

The action was for malicious prosecution, with imprisonment, money expended, etc., alleged in aggravation. It would seem from the record in the case, that up to the day on which the trial was had the second defense of the defendant's answer admitted substantially the plaintiff's entire case, except that it alleged that the prosecution, supposed to be malicious, was commenced by the defendant by the advice of counsel, and was with probable cause, and not malicious. Hence, with these admissions, the plaintiff did not need to subpena any witness to prove the defendant's connection with the prosecution. The plaintiff, however, from over-caution, as it would seem, had a subpena issued for the justice before whom the prosecution was commenced, who resided in Missouri, just across the river from Atchison, where the trial of this case was had. The following words were indorsed on the bottom of said subpena, and said justice signed his name thereto. Said words were as follows: "Service of the above hereby waived."

The justice also promised to attend the trial, which was to be on March 19, 1877. On the day set for the trial, the parties appeared. The court then, on motion of the defendant, (which motion had been previously filed,) struck out of the defendant's answer all of said second defense, to which ruling of the court the plaintiff excepted. The case was then called for trial, and the trial was proceeded with for some time, the plaintiff introducing evidence to prove his case. Said justice, however, did not appear at the trial as he promised, as a witness or otherwise. The plaintiff then procured a short

recess, to enable him to procure the witness. One of the plaintiff's attorneys then went across the river to see why the witness did not attend the trial. He saw the witness, and the witness again promised to attend. The attorney afterward sent a hack for him, but the witness was nowhere to be found; he had taken his gun ostensibly to go hunting. The defendant had also seen the witness during the recess; and it would seem that the defendant and witness were connected together as partners in a store. The witness did not at any time appear at the trial. After the recess, the case was again called for trial, and the plaintiff then asked for a continuance of the trial, because of the absence of said witness, and in an affidavit made by his attorney he set forth the foregoing facts and others, and also set forth the facts which he expected to prove by said witness, and stated all other things necessary to be stated in such an affidavit. The facts set forth in the affidavit, which the affiant stated that said witness would prove, were unquestionably material in the case. But the court below overruled the motion for a continuance, upon the following grounds, as shown by the following quotation, to wit:

"The defendant then and there objected to the presentation, and the reading of said affidavits, [there were two of them,] and offered to show by competent evidence that the same were untrue, and that the said defendant had in no manner interfered with the attendance of said Wells as a witness in said case, and objected to the court considering any application for a continuance, or considering said affidavits. The court held that it could not consider the same, as the matters upon which such continuance was asked were not sufficient, and that it had not been shown that E. C. Wells had ever been subpenaed, but that he had only signed his name to the following indorsement, on the bottom of the subpena referred to in affidavit of W. R. Smith: 'Service of the above hereby waived. (Signed) E. C. Wells;' and that this was done in Winthrop, Buchanan county, state of Missouri, and not within the jurisdiction of this court."

To this ruling the plaintiff excepted. The trial was then proceeded with to its conclusion. After the trial, and on a

motion made by the plaintiff for a new trial, the parties filed additional affidavits. Said witness and the defendant both filed affidavits stating that the defendant did not prevent said witness from attending said trial. This may possibly be true; but from a full consideration of all the facts, as shown by the record and as stated in detail in the various affidavits filed, it requires a marvelous stretch of credulity to believe that the defendant did not have anything to do toward influencing said witness to keep himself away from the trial. The witness, in his affidavit, stated, "that the reasons this affiant did not attend as a witness, were, that he was under no legal liability to attend, and because no fee of any kind whatever was ever paid this affiant, or tendered him, and because this affiant had other business of his own to attend to; that when affiant wrote his name on said pretended subpena, said Smith promised to pay the expenses of this affiant as a witness, which he never did, and never at any time offered or tendered him." The witness also stated that said things were all done in "Missouri;" that the subpena did not state "on whose behalf" he was to testify; that it "was directed to the sheriff of Atchison county, Kansas;" that it "was never read to" him, nor "any copy" delivered to him, etc., etc. It does not appear that Smith promised to pay the expenses of the witness "as a witness," until they were incurred. Smith sent a hack for him, and no expenses "as a witness," or otherwise, were incurred by the witness. But when did this witness learn "that he was under no legal liability to attend"? and why did he make the promises to Smith that he would attend? He probably learned said want of "legal liability," after he had the second time promised Smith to attend, and just before he left with his gun, and directly or indirectly from the defendant.

We think the court below erred in overruling said motion for a continuance. Up to the time that the second defense of the defendant's answer was stricken out, the plaintiff did not need said witness, for up to that time the admissions of the defendant, in said second defense, supplied all the sub-

stantial facts which the testimony of the witness would have tended to prove, and after that time the plaintiff did not not have sufficient time to take the deposition of the witness. Up to the morning of the day on which the trial was had, it was admitted by the defendant that he was the prosecutor in said alleged malicious prosecution. There was no issue, at that time, on that fact, and there never had been any such issue; but on that day the defendant withdrew all his admissions, leaving only his general denial to stand, which put in issue all the allegations of the plaintiff's petition. The issue, then, as to whether the defendant was the prosecutor in said suit, or not, (with many other issues which we might name,) was raised for the first time on the very day on which the plaintiff was required to try such issue. Now parties are never required to try an issue on the very day on which it is first made up or presented, unless they are ready with their witnesses. We think the plaintiff exercised sufficient diligence in this case to get his witnesses. Ordinarily, the service of a subpena out of the state where it is issued, or the mere promise of a witness to attend the trial, is not sufficient; but under the circumstances of this case, we think the plaintiff might very properly rely upon such a service and such promise. As we have before stated, if the defendant had not changed the issues on the day of the trial, the plaintiff would not have needed said witness.

The court also refused to permit the plaintiff to prove, by evidence *dehors* the record, who, in fact, acted as the prosecutor in said alleged malicious prosecution. In this we are inclined to think the court also erred. We are also inclined to think that the court erred in rejecting secondary evidence of the contents of papers sufficiently shown to have been lost. The court also erred in overruling the plaintiff's motion for a new trial.

The judgment of the court below will be reversed, and cause remanded for a new trial.

HORTON, C. J.: I concur in a reversal of the judgment in the above case, but on account of other errors than the

overruling of the application for a continuance on the ground of the absence of the witness Wells.

BREWER, J.: I concur in the views of the Chief Justice.